Pro Se 1 2022

```
┌─────────────────────────────┐
│ ___ FILED  ___ LODGED       │
│         ___ RECEIVED        │
│                             │
│      DEC 0 8 2025           │
│                             │
│   CLERK U.S. DISTRICT COURT │
│ WESTERN DISTRICT OF WASHINGTON AT TACOMA │
│ BY                  DEPUTY  │
└─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ABAS DOWLAD | CASE NO. 25 CV 2495 JLR |
| | [to be filled in by Clerk's Office] |
| Plaintiff(s), | COMPLAINT FOR A CIVIL CASE |
| v. | Jury Trial: ☐ Yes ☑ No |
| JACK DORSEY & SQUARE BERT HAMELINCK & CAVIAR | |
| Defendant(s). | |

## I.    THE PARTIES TO THIS COMPLAINT

A.    Plaintiff(s)

*Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.*

| | |
|---|---|
| Name | ABAS DOWLAD |
| Street Address | 25701 117TH PL SE |
| City and County | KENT , KING |
| State and Zip Code | WA , 98030 |
| Telephone Number | 2069004800 |

COMPLAINT FOR A CIVIL CASE - 1

Pro Se 1 2022

B.    Defendant(s)

    *Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.*

Defendant No. 1

| | |
|---|---|
| Name | JACK DORSEY & SQUARE |
| Job or Title *(if known)* | |
| Street Address | 1455 MARKET ST |
| City and County | SAN FRANCISCO |
| State and Zip Code | CA , 94103 |
| Telephone Number | (855) 700-6000 |

Defendant No. 2

| | |
|---|---|
| Name | BERT HAMELINCK & CAVIAR |
| Job or Title *(if known)* | |
| Street Address | 1455 MARKET ST |
| City and County | SAN FRANCISCO |
| State and Zip Code | CA , 94103 |
| Telephone Number | (855) 700-6000 |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

COMPLAINT FOR A CIVIL CASE - 2

Pro Se 1 2022

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

## II.    BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be  heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(select all that apply)*

☐  Federal question:         ☑  Diversity of citizenship:
   If checked complete section A.         If checked complete section B.

Fill out the paragraphs in this section that apply to this case.

A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. *Attach additional pages if needed.*

COMPLAINT FOR A CIVIL CASE - 3

Pro Se 1 2022

1   B.      If the Basis for Jurisdiction Is Diversity of Citizenship

2              1.      The Plaintiff(s)

3                  a.  If the plaintiff is an individual.

4   The plaintiff (*name*) _____ ABAS DOWLAD ....... _____, is a citizen of the

5   State of (*name*) _____ WASHINGTON STATE ......................... _____.

6                  b.  If the plaintiff is a corporation.

7   The plaintiff, (*name*) _____, is incorporated under

8   the laws of the State of (*name*) _____, and has its principal

9   place of business in the State of (*name*) _____.

10  *(If more than one plaintiff is named in the complaint, attach an additional page providing*
    *the same information for each additional plaintiff.)*

11

12             2.      The Defendant(s)

13                 a.  If the defendant is an individual.

14  The defendant, (*name*) _____ JACK DORSEY ......................... _____, is a citizen of the

15  State of (*name*) _____ CALIFORNIA STATE ...................................... _____. Or is a citizen of

16  (*foreign nation*) _____.

17                 b.  If the defendant is a corporation.

18  The defendant, (*name*) _____ SQUARE ............................... _____, is incorporated under

19  the laws of the State of (*name*) _____ CALIFORNIA STATE .................. _____, and has its principal

20  place of business in the State of (*name*) _____ CALIFORNIA STATE _____.

21  Or is incorporated under the laws of (*foreign nation*) _____,

22  and has its principal place of business in (*name*)_____.

23  *(If more than one defendant is named in the complaint, attach an additional page*
    *providing the same information for each additional defendant.)*

24

COMPLAINT FOR A CIVIL CASE - 4

3.    The Amount in Controversy.

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because (*explain*) *Attach additional pages if needed*:

The amount in controversy is $77,777.    ` because the defendant engaged in misleading compensation practices that directly reduced the plaintiff 's earnings. Specifically, the defendant charged customers an 18% gratuity on each order and represented that this amount would be paid to delivery drivers as a tip. However, the defendant failed to distribute these gratuities to the plaintiff, causing substantial loss of income. In addition, the defendant consistently paid the plaintiff less for each delivery trip than what was represented, advertised, or contractually implied. These combined practices—misrepresentation of gratuities, withholding of driver-earned income, and underpayment per trip—resulted in total financial losses to the plaintiff amounting to $77,777..

## III.    STATEMENT OF CLAIM

*Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.*

SEE THE ATTTACH.

## IV.    RELIEF

*State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. Attach additional pages if needed.*

SEE THE ATTACH.

## V.    CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my

knowledge, information, and belief that this complaint: (1) is not being presented for an improper

Pro Se 1 2022

1   purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

2   (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or

3   reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so

4   identified, will likely have evidentiary support after a reasonable opportunity for further

5   investigation or discovery; and (4) the complaint otherwise complies with the requirements of

6   Rule 11.

7       I agree to provide the Clerk's Office with any changes to my address where case-related

8   papers may be served. I understand that my failure to keep a current address on file with the

9   Clerk's Office may result in the dismissal of my case.

10   Date of signing:      12/12/2025

11   Signature of Plaintiff

12   Printed Name of Plaintiff     ABAS DOWLAD

13

14   Date of signing:

15   Signature of Plaintiff

16   Printed Name of Plaintiff

17

18   Date of signing:

19   Signature of Plaintiff

20   Printed Name of Plaintiff

21

22

23

24

COMPLAINT FOR A CIVIL CASE - 6

*(Washington, California, and Seattle Law Integrated)*

**Your Honor Judge,**

This case presents a straightforward but serious pattern of conduct: the defendant required customers to pay an automatic 18% "gratuity" that was represented to those customers as a tip meant for the delivery driver, including the plaintiff. The plaintiff performed hundreds of deliveries for the defendant, relying on the defendant's representations about payment, gratuity distribution, and compensation. Yet despite accepting the plaintiff's labor, and despite accepting customers' money that was specifically labeled for the driver, the defendant did not pay the plaintiff the full amounts earned.

Instead, the defendant kept gratuity funds that the customers reasonably believed—and the defendant expressly represented—would be paid to the delivery drivers. The defendant also paid the plaintiff less per delivery trip than what was displayed or promised. These actions resulted in financial losses totaling approximately **$77.777**. Whether analyzed under Washington contract principles, California contract principles, state consumer protection laws, municipal ordinances, or worker-protection rules, the result is the same: the defendant's conduct is unlawful, deceptive, and financially harmful to the plaintiff.

The plaintiff worked as an independent contractor. However, both Washington and California make clear that independent contractors are still entitled to the full amount earned, that hiring entities may not misrepresent gratuities, and that withholding earned amounts constitutes a breach of contract, unfair business practice, and, in many cases, wage theft. In Seattle, the Independent Contractor Protections Ordinance imposes further mandatory requirements the defendant failed to meet, including disclosures, payment deadlines, and itemized statements.

Thus, the legal, factual, and equitable grounds overwhelmingly support awarding the plaintiff the full value of the unpaid gratuities and underpaid trip compensation.

---

I. FACTUAL BACKGROUND

The plaintiff contracted with the defendant to perform food and goods delivery services. The defendant controlled the application platform, the structure of delivery dispatch, payment summaries, gratuity descriptions, and customer-facing receipts. Each time a customer placed an order, the defendant added an automatic 18% "gratuity" to the transaction. That charge was presented to customers as a tip paid to the delivery driver.

This representation was made in multiple places:

- On customer receipts
- On order confirmation screens
- In itemized totals
- In payment summary descriptions
- In marketing statements describing the charge as a "tip for the driver"

Customers reasonably relied on these representations and believed they were paying an 18% tip to the driver who delivered their order. The plaintiff relied on these representations as well, expecting payment of these funds.

However, despite (1) the plaintiff completing the deliveries, (2) the defendant collecting gratuity funds from customers, and (3) the defendant representing those gratuity funds as tips owed to drivers, the defendant kept all or part of these gratuities instead of paying them. At the same time, the defendant also decreased the plaintiff's trip payments, paying less than the amount displayed before acceptance of the delivery trip.

These actions collectively deprived the plaintiff of compensation totaling approximately **$77,777**.

---

## II. BREACH OF CONTRACT (APPLICABLE IN BOTH WASHINGTON AND CALIFORNIA)

A. An implied contract existed

Even without a written agreement, the relationship between the plaintiff and defendant satisfies the criteria for an implied contract:

- The defendant offered delivery work.
- The plaintiff accepted and performed that work.
- The defendant represented how the plaintiff would be compensated, including gratuity distribution.
- The plaintiff had a reasonable expectation of receiving the amounts represented.
- The defendant accepted the benefit of the plaintiff's work.

Therefore, a binding agreement existed requiring the defendant to pay the plaintiff the amounts earned.

B. The defendant breached the contract by withholding earned gratuities

The defendant expressly represented that the 18% charge was a gratuity for the driver. In any contractual framework, when one party promises to pass through funds designated for another party, failure to do so is a material breach. The defendant:

1. Collected gratuity funds from customers
2. Retained the funds
3. Failed to remit the amounts to the plaintiff
4. Paid less per trip than represented
5. Provided no adequate explanation or disclosure

These actions defeated the purpose of the agreement and financially harmed the plaintiff.

C. Damages

The plaintiff suffered measurable damages in the amount of approximately **$77,777**. Representing:

- Withheld gratuities
- Underpaid delivery trip amounts
- Lost contractual earnings

## III. WASHINGTON LAW SUPPORTS THE PLAINTIFF'S CLAIMS

Even if Washington law is applied, the defendant's conduct violates core rules governing gratuities, service charges, and consumer protection.

A. Service charges must be paid to the worker when represented as tips

Under Washington law, any mandatory charge presented in a way that customers may reasonably believe it is for employee services qualifies as a service charge. If the business represents any portion of the charge as being for the employees, that portion must be paid to the employees who served the customer.

Here:

- The defendant labeled the charge "gratuity."
- The defendant told customers the fee was a tip for the driver.
- The plaintiff was the driver performing the service.

Therefore, the entire 18% charge was owed to the plaintiff.

B. Misrepresentation constitutes unfair or deceptive conduct

By labeling the charge as a tip but keeping the funds, the defendant:

- Misled customers
- Misled the plaintiff
- Withheld funds designated for the worker
- Engaged in deceptive business conduct

This satisfies all elements of a Washington Consumer Protection Act violation.

C. Withholding earned funds constitutes wage theft if plaintiff was misclassified

If the court finds the plaintiff should have been classified as an employee, Washington's strict wage rules apply, including:

- All tips are the sole property of the employee
- Employers may not retain any portion
- Withholding constitutes wage theft
- Wage theft allows double damages and fees

Even without reclassification, the defendant breached its obligations to the plaintiff.

## IV. CALIFORNIA LAW STRONGLY SUPPORTS THE PLAINTIFF'S CLAIMS

California law independently provides grounds for ruling in favor of the plaintiff.

A. Gratuities belong exclusively to the worker when represented as tips

California Labor Code rules make clear:

- A tip is voluntary and belongs entirely to the worker
- Employers may not keep or share in tips
- Misrepresenting a mandatory fee as a tip triggers tip protections

When the defendant told customers the charge was a tip for the driver, the defendant made it a gratuity under California law—even if the charge was mandatory.

By keeping the funds, the defendant unlawfully diverted tips intended for the plaintiff.

B. Misrepresentation reclassifies service charges as gratuities

California courts have repeatedly held that a mandatory fee may become a "gratuity" if the employer's presentation misleads customers about its purpose. The defendant's representation here—clear and repeated—meets that standard.

C. the California Freelance Worker Protection Act requires timely payment

California's Freelance Worker Protection Act (FWPA):

- Requires payment to contractors within a set time
- Imposes double damages for late payment
- Allows attorney's fees

The defendant's withholding of gratuities and underpayments directly violates these requirements.

## V. SEATTLE INDEPENDENT CONTRACTOR PROTECTIONS ORDINANCE (ICP)

If the work occurred in Seattle, additional strong protections apply.

A. The defendant failed to provide mandatory pre-work disclosures

Hiring entities must provide:

- A written notice of rights
- A written disclosure of payment terms

The defendant provided none of these.

B. The defendant failed to provide required itemized statements

Each payment must be accompanied by:

- A breakdown of service charge or tip distributions
- Clear payment calculations

The defendant failed to provide accurate disclosures or provided misleading summaries.

C. The defendant failed to pay within 30 days

Seattle law requires payment within 30 days if the contract does not specify otherwise. The defendant retained gratuity funds for significantly longer.

D. Full remedies apply

Seattle law permits:

- Full unpaid compensation
- Double damages
- Attorney's fees
- Interest
- Protection against retaliation

The defendant's conduct violates all core provisions.

## VI. MISCLASSIFICATION CONSIDERATIONS

Both Washington and California presume worker status, placing a heavy burden on the hiring entity to prove that the plaintiff is an independent contractor. If the defendant improperly classified the plaintiff:

- All gratuities legally belonged to the plaintiff
- Withholding them becomes wage theft
- Penalties increase
- The plaintiff is owed full statutory protection

Even if properly classified, the defendant still unlawfully retained funds designated for the plaintiff.

## VII. CONSUMER DECEPTION AND PUBLIC INTEREST

The defendant's conduct harms more than just the plaintiff.

A. Customers were misled

Customers paid the 18% charge believing it was a tip for the driver. Their expectations were violated.

B. The public interest is impacted

This conduct affects:

- All customers using the platform

- All workers relying on the company's representations
- The integrity of online delivery marketplaces

The deception harms the public and undermines trust.

---

## VIII. THE PLAINTIFF IS ENTITLED TO FULL RELIEF

Given the defendant's actions, the plaintiff is entitled to:

1. Full unpaid gratuity amounts
2. Underpaid trip amounts
3. Double damages where applicable
4. Attorney's fees were permitted
5. Interest
6. Any other relief the court deems just and equitable

The total financial loss is estimated at **$77,777**. Representing withheld funds that should have been paid to the plaintiff for completed work.

---

## IX. CONCLUSION

Your Honor, the evidence in this case shows a consistent pattern of wrongful conduct by the defendant. The defendant collected an automatic 18% "gratuity" charge from customers while explicitly representing that this money was a tip intended for the delivery driver. The plaintiff completed the deliveries that generated these gratuity payments, yet the defendant failed to pass those funds through as promised. Instead, the defendant retained all or part of the gratuities and also underpaid the plaintiff for each delivery trip.

Whether analyzed under Washington contract law, California contract and gratuity law, Seattle's Independent Contractor Protections Ordinance, or general principles prohibiting deceptive business practices, the conclusion is the same: the defendant accepted the plaintiff's labor, accepted customer payments intended for the plaintiff, and then failed to pay the plaintiff the money earned. This constitutes a material breach of contract, a deceptive business practice, and an improper withholding of funds designated for the worker.

The plaintiff has suffered financial losses totaling approximately **$77,777.** As a direct result of the defendant's actions. These losses represent real earnings that the plaintiff should have received for completed work. The defendant's conduct harmed not only the plaintiff but also misled customers who believed their gratuity was going to the driver who served them.

For these reasons, the plaintiff respectfully requests that the Court enter judgment in the plaintiff's favor and award.